THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO ACEVEDO HERNÁNDEZ, Defendant and Appellant.

No. 9111.   Argued March 6, 1942.—Decided March 9, 1942.

*H. Rodríguez Quiñones* for appellant.   *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The accused herein was charged with keeping, on or about February 4, 1939, in Aguadilla, in his commercial establishment, wilfully and unlawfully and with the intent to defraud the public treasury "two glass containers, one of which was filled with ¾ pint and the other with ½ pint of distilled spirits (clandestine rum), without said containers having any

stamps attached thereto to show that the excise tax had been paid to the Insular Treasury."

Upon being convicted in the municipal court, the accused appealed to the district court and, after a trial *de novo* in the latter court, as prescribed by law, he was found guilty of violating § 77 of the Spirits and Alcoholic Beverages Act (Act No. 6, Laws of 1936, Spec. Sess., pp. 44 and 94) and sentenced to one month in jail, with costs.

The judgment contains besides the following pronouncement:

"And it is hereby ordered that Francisco Acevedo Hernández, convicted herein, be taken from this courtroom to the district jail where he shall be confined under the custody of the warden thereof for the aforesaid term of thirty days, less credit allowed to him for the period he spent in jail waiting trial from the time of his arrest until the present sentence was pronounced upon him, which the accused shall serve after having served the sentence of thirty days in jail imposed on said accused this day in criminal case No. 7301, prosecuted by the People of Puerto Rico against Francisco Acevedo Hernández for violation of §§ 4 and 77 of the Spirits and Alcoholic Beverages Act."

The above pronouncement is the only one complained of in the appeal taken from said judgment to this court.

▮ The defendant-appellant maintains that the sentence should not be served after he has served the one pronounced upon him on the same day in the other cause prosecuted against him for a violation of the Spirits and Alcoholic Beverages Act, but concurrently therewith, and cites in support of his contention the holding of this court in *Ruiz* v. *Saldaña, Warden,* 58 P.R.R. 636, 640, thus:

"According to our Penal Code in force, the court which in the exercise of its discretion deems it its duty to impose consecutive sentences on a person accused of two or more crimes, must postpone the sentence for the first conviction until the second conviction has been obtained, and render the sentences in both cases at the same time. The sentences so delivered shall be served consecutively, without need of it being so ordered by the court.

"The second sentence having been issued after the petitioner had been convicted and sentenced for the first case, we must decide that the sentence for 15 years in prison imposed on Marcelino Ruiz in the afternoon of November 2, 1926, in criminal case No. 7116 of the District Court of Humacao, was extinguished on December 23, 1936, on which same date the one imposed in the morning of November 2, 1926, in criminal case No. 7115 of the same court, was also extinguished; and, therefore, that the imprisonment of the petitioner from the stated date is illegal."

The prosecuting attorney admits in his brief that, notwithstanding what the judge said, in view of the statutory provisions and the holding of this court, the sentences are concurrent. He maintains, however, that the objection raised not only affords no ground for reversal but can not be considered in the appeal. According to him, the question set up is one to be administratively dealt with by the warden of the penitentiary at the proper time, and that should he decide it adversely to the accused, a *habeas corpus* proceeding would then be the proper remedy.

██ Perhaps the prosecuting attorney is right, but as it can not be gainsaid that the judgment appealed from contains the erroneous pronouncement complained of, and that such pronouncement might give rise to an interpretation at variance with the statute and the doctrine already laid down by this court, the proper procedure is not to reverse but to modify the judgment appealed from by striking that portion of the said pronouncement which has been challenged, that is, the one beginning with the words "which the accused shall serve." It is so ordered.